**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                               Criminal No. 06-mj-026-01

<u>Christopher Aldrich</u>


**ORDER OF DETENTION PENDING TRIAL**

     In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 <u>et</u> <u>seq.</u>, a hearing was conducted on June 16, 2006, for the purpose of determining whether to detain defendant, Christopher Aldrich, who has been charged in a criminal complaint with interstate transportation of falsely made, forged, altered and counterfeit securities.

     Defendant was temporarily detained by Judge DiClerico on February 28, 2006, and a bail hearing was set for March 6, 2006. That hearing was canceled due to a medical emergency involving defendant's heart.  Thereafter, he was moved to a medical facility in South Carolina.  He now moves for bail conditions alleging that his health care, or lack thereof, puts him in imminent danger of a fatal coronary.

     Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the

defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community.  In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release.  18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure' the defendant's presence at trial."  United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988)(quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991).  For its part, the government is

required to offer a preponderance of the evidence to prove risk of flight.  See Patriarca, 948 F.2d at 792-93.

In the case at hand, I have found probable cause to believe that the offenses charged have been committed and that the defendant has committed them.

Here, I find that the government has met its burden with regard to danger to the community.  Specifically, this is not a rebuttable presumption case but rather involves admitted fraud of over $3,000,000.00.  Defendant admitted fraudulently obtaining over $1,000,000.00 from each of Wal-Mart, Sam's Club and Home Depot.  He has no ties to New Hampshire, has been shut off from social security, is unemployable and has a lifetime history of felonies (at least eight convictions) and several jail sentences. Defendant has serious, life threatening heart problems and other diseases.  He claims he needs strong doses of MS Contin to function and live and that his incarceration and placement jeopardize his life.  The only credible medical evidence is to the contrary.  MS Contin may have some dilative effect, but as the doctor testified, it is not routinely prescribed for chronic heart disease and there are better medicines which have been prescribed.  Defendant is in fact getting medical care adequate

to meet constitutional standards.

I am satisfied from the representations and documents offered during the hearing that no condition or combination of conditions will reasonably assure the safety of the community.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: June 20, 2006

```
cc:     Sven Wiberg, Esq.
        Terry Ollila, Esq.
        U.S. Marshal
        U.S. Probation
```